ORIGINAL

In the United States Court of Federal Claims

FILED

NOV 1 4 2013

U.S. COURT OF
FEDERAL CLAIMS

No. 13-895C
(Filed: November 14, 2013)

```
*************************************
DAVID HOVER,                        *
                                    *
            Plaintiff,              *   Pro Se Plaintiff; Dismissal for Lack of
                                    *   Jurisdiction; Application to Proceed In
v.                                  *   Forma Pauperis
                                    *
THE UNITED STATES,                  *
                                    *
            Defendant.              *
*************************************
```

David Hover, Sterling, CO, pro se.

## OPINION AND ORDER

**SWEENEY**, Judge

On November 12, 2013, plaintiff in the above-captioned case, appearing pro se, filed a complaint and an application to proceed in forma pauperis. Plaintiff, who is currently incarcerated in Colorado state prison, alleges that various federal courts, federal judges, and federal officials have violated his civil rights, and seeks relief pursuant to 42 U.S.C. § 1983. Specifically, he contends that these courts, judges, and officials have purposefully prevented the consideration of the merits of his claims regarding the conditions of his confinement, either by dismissing his claims for lack of jurisdiction, rejecting his petition for relief as incomplete, dismissing his claims as frivolous, or requiring him to amend his complaint.[1] This court lacks jurisdiction to entertain plaintiff's claims and therefore must dismiss his complaint.

---

[1] See, e.g., Hover v. Hickenlooper, No. 13-CV-01482-BNB, 2013 WL 3353889 (D. Colo., July 3, 2013) (dismissing plaintiff's claims regarding the conditions of his confinement as legally frivolous); Hover v. Roberts, No. 13-969, 2013 WL 5303491 (D.D.C. June 26, 2013) (addressing plaintiff's claims against the Clerk of the Supreme Court of the United States); Hover v. Hickenlooper, No. 11-cv-02170-BNB, 2011 WL 6012931 (D. Colo. Dec. 1, 2011) (dismissing certain claims as legally frivolous); Hover v. Colorado, No. CIVA06-CV01843-BNB, 2006 WL 3253680 (D. Colo. Nov. 7, 2006) (requiring plaintiff to amend his complaint).

## I. JURISDICTION

As an initial matter, it is well settled that the United States is the only proper defendant in the United States Court of Federal Claims ("Court of Federal Claims"). See 28 U.S.C. § 1491(a)(1) (providing that the Court of Federal Claims has jurisdiction over claims against the United States); R. U.S. Ct. Fed. Cl. 10(a) (requiring that the United States be designated as the defendant in the Court of Federal Claims); Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual."). Indeed, the jurisdiction of the Court of Federal Claims "is confined to the rendition of money judgments in suits brought for that relief against the United States, . . . and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court." United States v. Sherwood, 312 U.S. 584, 588 (1941); see also Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (recognizing federal judges are immune from suit when, "at the time [the judge] took the challenged action," the judge had the authority to act); Imbler v. Pachtman, 424 U.S. 409, 422-25 (1976) (recognizing common law immunity for public prosecutors); Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."). Accordingly, the court lacks jurisdiction over plaintiff's claims against all parties other than the United States.

Moreover, the ability of the Court of Federal Claims to entertain suits against the United States is limited. Plaintiff's claims generally arise under 42 U.S.C. § 1983, but the court lacks jurisdiction to consider claims under that statute. See Jefferson v. United States, 104 Fed. Cl. 81, 89 (2012) ("[T]he court does not have subject matter jurisdiction over actions arising under sections of the Civil Rights Acts, including 42 U.S.C. § 1983, § 1985, and § 1988 (2006) . . . ."); Marlin v. United States, 63 Fed. Cl. 475, 476 (2005) ("[T]he Court does not have jurisdiction to consider civil rights claims brought pursuant to 42 U.S.C. §§ 1981, 1983, or 1985 because jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts."); Blassingame v. United States, 33 Fed. Cl. 504, 505 (1995) ("Section 1983 is not a jurisdiction-granting statute. District courts are given jurisdiction to hear claims for damages for violation of that provision. . . . Such an action cannot be sustained here, however, because this court has not been given an equivalent jurisdiction."), aff'd, 73 F.3d 379 (Fed. Cir. 1995). Plaintiff also relies upon portions of the federal criminal code, but the court does not possess jurisdiction over criminal matters. See Joshua v. United States, 17 F.3d 378, 379-80 (Fed. Cir. 1994) (affirming that the Court of Federal Claims had "'no jurisdiction to adjudicate any claims whatsoever under the federal criminal code'"); Kania v. United States, 650 F.2d 264, 268 (Ct. Cl. 1981) (noting that "the role of the judiciary in the high function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction and not to this court"). And, plaintiff asserts due process and equal protection violations. However, the court lacks jurisdiction over these claims as well. See LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) ("[T]he Due Process Clauses of the Fifth and Fourteenth Amendments [and] the Equal Protection Clause of the Fourteenth Amendment . . . [are not] a sufficient basis for jurisdiction because they do not mandate payment of money by the government."); Mullenberg v. United

States, 857 F.2d 770, 773 (Fed. Cir. 1988) (holding that the due process and equal protection clauses of the Fifth and Fourteenth Amendments "do not trigger Tucker Act jurisdiction in the courts"). In sum, the court lacks jurisdiction over all of the claims in plaintiff's complaint.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

As noted above, plaintiff filed, concurrent with his complaint, an application to proceed in forma pauperis. Courts of the United States are permitted to waive the prepayment or payment of filing fees and security under certain circumstances.[2] 28 U.S.C. § 1915(a)(1). Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to redress. Id. Further, prisoners must file "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison which the prisoner is or was confined." Id. § 1915(a)(2).

Plaintiff has substantially satisfied the requirements set forth in section 1915(a). The court therefore grants plaintiff's application to proceed in forma pauperis and waives plaintiff's prepayment of the filing fee. Notwithstanding the court's waiver, prisoners seeking to proceed in forma pauperis are required to pay, over time, the filing fee in full. Id. § 1915(b). Thus, plaintiff shall be assessed, as a partial payment of the court's filing fee, an initial sum of twenty percent of the greater of (1) the average monthly deposits into his account, or (2) the average monthly balance in his account for the six-month period immediately preceding the filing of his complaint. Id. § 1915(b)(1). Thereafter, plaintiff shall be required to make monthly payments of twenty percent of the preceding month's income credited to his account. Id. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the clerk of the Court of Federal Claims each time the account balance exceeds $10 and until such time as the filing fee is paid in full. Id.

## III. CONCLUSION

For the reasons set forth above, the court **DISMISSES** plaintiff's complaint for lack of jurisdiction. In addition, the court **GRANTS** plaintiff's application to proceed in forma pauperis,

---

[2] While the Court of Federal Claims is not generally considered to be a "court of the United States" within the meaning of title 28, the court has jurisdiction to grant or deny applications to proceed in forma pauperis. See 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be "a court of the United States" for the purposes of section 1915); see also Matthews v. United States, 72 Fed. Cl. 274, 277-78 (2006) (recognizing that Congress enacted the Court of Federal Claims Technical and Procedural Improvements Act of 1992, authorizing the court to, among other things, adjudicate applications to proceed in forma pauperis pursuant to section 1915).

but directs plaintiff to pay the filing fee in full pursuant to 28 U.S.C. § 1915(b), as previously described. No costs. The clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Judge